UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JESUS VALENCIA FARIAS**<br>BOP #11408-078 | : | **CIVIL ACTION NO. 16-cv-1028**<br>**SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **BECKY CLAY** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is the application for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 by *pro se* petitioner Jesus Valencia Farias ("Farias"). Farias is an inmate in the custody of the Federal Bureau of Prisons and is incarcerated at the Federal Correctional Institution in Oakdale, Louisiana.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

**I.**
**BACKGROUND**

Farias pleaded guilty to engaging in organized criminal activity and possession of a controlled substance. Doc. 1, att. 2, p. 5. According to Farias, he was sentenced in the 265th Judicial District Court in Dallas, Texas, on November 11, 2003, to seven years imprisonment. *Id.* On June 29, 2004, he pleaded guilty to drug/weapon related offenses and was sentenced on March 17, 2005, in the United States District Court for the Eastern District of Texas, to a total of 228

months imprisonment.[1] *Id.* at 4. He was then brought to state court in Texas, where he pleaded guilty to possession of a controlled substance with intent to deliver. *Id.* at p. 5. On April 21, 2005, he was sentenced in the 211th Judicial District Court in Denton, Texas, to a total of fifteen years' incarceration. *Id.*

In his original *habeas* petition filed herein, Farias stated that he remained in state detention for six and one-half years after which he was surrendered to federal authorities. *Id.* at 7. He alleged that the state sentencing judge made it clear that the state term of imprisonment would be served concurrently with the balance of his federal sentence. *Id.* at 5. Nevertheless, he claimed that the BOP informed him that his federal sentence was not being served concurrently with his state sentences. *Id.* Farias claimed that he should receive credit towards his federal sentence for the time that he spent in state custody and that his time in state custody should be designated as federal time *nunc pro tunc*. *Id.* at 10.

The pleadings and exhibits tendered by Farias with his *habeas* petition were insufficient to establish whether the petition should survive initial review. Thus, this court ordered him to amend his petition to provide the documentation needed to establish, among other things, that he exhausted his administrative remedies at each level. Doc. 5. Fontenot responded [doc. 6] to the amend order, stating that he did not exhaust all of the administrative remedies. *Id.* at 2. He claims that he intends to exhaust and asks the court to stay this matter until such time as exhaustion is complete. *Id.* at 3.

---

[1] The Eastern District of Texas subsequently reduced his sentence to a total term of 195 months' imprisonment followed by five years of supervised release. *USA v. Farias*, 4:04-cr-71, doc. 321 (E.D. Tex. May 25, 2016).

## II.
## LAW AND ANALYSIS

A federal prisoner may properly use a § 2241 petition to "attack the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir. 2000); *see also Warren v. Miles,* 230 F.3d 688, 694 (5th Cir. 2000). However, the use of that authority does not avoid the requirement to exhaust administrative remedies. *Fuller v. Rich,* 11 F.3d 61, 62 (5th Cir. 1994). Although the exhaustion requirements of the Prison Litigation Reform Act do not apply to Farias' § 2241 petition, the judicially-created exhaustion requirement does apply to his petition. *See Mayberry v. Pettiford,* 74 F. App'x 299, 2003 WL 21635306 (5th Cir. 2003)(recognizing application of judicially-created exhaustion requirement to § 2241 petitions).

The Fifth Circuit has consistently recognized that the exhaustion of administrative remedies is required for § 2241 petitions seeking credit on a petitioner's sentence. *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010); *McMahon v. Fleming,* 145 F. App'x 887, 888, 2005 WL 1940151 (5th Cir. 2005) (affirming dismissal of § 2241 petition, in which petitioner claimed that the BOP did not properly calculate good time credit, based on the petitioner's failure to exhaust administrative remedies); *United States v. Gabor,* 905 F.2d 76, 78 n. 2 (5th Cir. 1990) ("Not only must a petitioner seeking credit on his sentence file his petition pursuant to § 2241, but he must first exhaust his administrative remedies through the Bureau of Prisons").

In the instant matter, Farias acknowledges that he did not fully exhaust the administrative remedies available to him prior to filing his § 2241 petition. Further, while there are exceptions to the exhaustion requirement which may be appropriate "where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action" such exceptions "apply

only in 'extraordinary circumstances.'" *Fuller,* 11 F.3d at 62.  Here, Farias does not allege that the BOP administrative remedies were unavailable or that they were inappropriate to the relief he seeks. He also does not state that exhaustion would be futile. Instead, he states that "it was his misunderstanding of the process due   to luck [sic] of proper direction received from R & D (receiving and discharge) team, at FCI II Oakdale." Doc. 6, p. 3.  As such, he fails to demonstrate that this case involves extraordinary circumstances that would warrant waiver of the exhaustion requirement. *See Mayberry,* 74 F. App'x at 299 (citing *Fuller,* 11 F.3d at 62).  Because Farias has not exhausted his administrative remedies and does not met his burden of showing extraordinary circumstances to excuse his failure to exhaust, his petition should be dismissed without prejudice.

Likewise, Farias' request to stay the proceedings so that he may exhaust administrative remedies should be denied.  A stay is only appropriate in this case if Farias shows:  (1) good cause for his failure to exhaust; (2) his unexhausted claims are not plainly meritless; and (3) he did not engage in intentionally dilatory litigation tactics. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).  Farias does not meet the above burden.  Instead, he only states that he was did not get proper direction from the R & D team at FCIO.  Doc. 6, p. 3.

### III.
#### CONCLUSION

For reasons stated,

**IT IS RECOMMENDED** that the petition for *habeas corpus* filed pursuant to 28 U.S.C. § 2241 be **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER RECOMMENDED** that Farias' request to hold his petition in abeyance pending resolution of the administrative process be denied.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to

file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 29th day of June, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE